

**U.S. Department of Justice**

*Criminal Division*
*Fraud Section*

*1400 New York Avenue,*
*Washington, D.C.*

202-923-6451

DCH/PL AGR

March 7, 2023

Christopher G. Lyons, Esq.
Mase Mebane Seitz
2601 S. Bayshore Blvd, Suite 800
Miami, Florida 33133

Re:   <u>Plea Agreement with Patrick O'Brien</u>

Dear Mr. Lyons:

This letter sets forth the plea agreement between your client, Patrick O'Brien ("O'BRIEN"), the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on March 8, 2023, if it is not accepted in writing by that date. If O'BRIEN does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from O'BRIEN to a one-count information charging O'BRIEN with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. If O'BRIEN enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Mr. O'BRIEN for conspiring to commit health care fraud from August 2017 through in or about December 2022.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may initiate any other charges against O'BRIEN even if the applicable statute of limitations period for those charges expires after O'BRIEN signs this agreement, and O'BRIEN agrees not to assert that any such charges are time-barred.

### Sentencing

The violation of 18 U.S.C. § 1349 to which O'BRIEN agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the

Scanned with CamScanner

offense. Fines imposed by the sentencing judge may be subject to the payment of interest. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon O'BRIEN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence O'BRIEN ultimately will receive.

Further, in addition to imposing any other penalty on O'BRIEN, the sentencing judge as part of the sentence:

(1) will order O'BRIEN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order O'BRIEN to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d);

(3) may order O'BRIEN, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and

(5) pursuant to 18 U.S.C. § 3583 may require O'BRIEN to serve a term of release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should O'BRIEN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, O'BRIEN may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, O'BRIEN agrees to pay full restitution to the victim of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|---|---|
| Centers for Medicare and Medicaid Services | $9,900,000 |

Scanned with CamScanner

### Forfeiture

As part of O'BRIEN's acceptance of responsibility, O'BRIEN agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, O'BRIEN obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud conspiracy offense charged in Count One of the Information, and all property traceable to such property, which O'BRIEN agrees is $3,998,814.

O'BRIEN further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $3,998,814 (the "Money Judgment"). O'BRIEN consents to the entry of an order requiring O'BRIEN to pay the Money Judgment, in the manner described below (the "Order"), and agrees that the Order will be final as to O'BRIEN prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating O'BRIEN's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. O'BRIEN agrees that this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on O'BRIEN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of O'BRIEN's activities and relevant conduct with respect to this case.

### Stipulations

This Office and O'BRIEN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to

Scanned with CamScanner

respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and O'BRIEN waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

O'BRIEN understands that, if O'BRIEN is not a citizen of the United States, O'BRIEN's guilty plea to the charged offense will likely result in O'BRIEN being subject to immigration proceedings and removed from the United States by making O'BRIEN deportable, excludable, or inadmissible, or ending O'BRIEN's naturalization. O'BRIEN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. O'BRIEN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause O'BRIEN's removal from the United States. O'BRIEN understands that O'BRIEN is bound by this guilty plea regardless of any immigration consequences. Accordingly, O'BRIEN waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. O'BRIEN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Exclusion from the Medicare Program and Other Health Care Programs

O'BRIEN understands and acknowledges that as a result of this plea, O'BRIEN will be excluded from Medicare, Medicaid, and all federal health care programs. O'BRIEN agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including the United States Department of Health and Human Services, to effectuate this exclusion within 60 days

4

Scanned with CamScanner

of receiving the documents. This exclusion will not affect O'BRIEN's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

## Other Provisions

This agreement is limited to this Office and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against O'BRIEN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude O'BRIEN from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between O'BRIEN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

PHILIP R. SELLINGER
United States Attorney

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

Darren C. Halverson
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

APPROVED:

Rebecca Yuan, Acting Assistant Chief
Criminal Division, Fraud Section

5

U.S. Department of Justice

6

Scanned with CamScanner

    I have received this letter from my attorney, Christopher Lyons, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 3/8/2023
Patrick O'Brien

    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date:   3/8/2023
Christopher Lyons, Esq.
Counsel for Defendant

7

Scanned with CamScanner

Plea Agreement with Patrick O'Brien

Schedule A

1. This Office and O'BRIEN recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. This Office and O'BRIEN agree to stipulate to the following facts:

    a. From in or around August 2017 through in or around December 2022, in the District of New Jersey and elsewhere, O'BRIEN conspired with others to commit health care fraud in violation of 18 U.S.C. § 1349.

    b. Medicare is a "health care benefit program," as defined in 18 U.S.C. § 24.

    c. O'BRIEN, Luis Lacerda, and Individual-1 owned and operated Fresh Pond Rx ("FPR"), a pharmacy located in New York.

    d. Individual-2 owned and operated a purported marketing company ("Company-1") with principal offices in Florida.

    e. O'BRIEN, Luis Lacerda, Individual-1, Individual-2 and others, through FPR, negotiated kickback arrangements with certain purported telemedicine companies and marketing companies, including Company-1 and others, under which O'BRIEN purchased prescriptions for pain creams and other drugs for Medicare beneficiaries from Company-1 for cash kickbacks of approximately $90 per prescription.

    f. O'BRIEN, Luis Lacerda, Individual-1, and others paid a kickback and bribe of approximately $90 to Individual-2, through Company-1, and others to have a doctor sign the prescription regardless of medical necessity.

    g. O'BRIEN, Luis Lacerda, Individual-1, and Individual-2 and others entered into sham contracts that characterized the kickbacks as flat fee marketing fees.

    h. O'BRIEN, Luis Lacerda, Individual-1, and others rarely collected copayments from the Medicare beneficiaries and used financial hardship forms to conceal that they were not collecting copayments from Medicare beneficiaries.

    i. O'BRIEN knew that many of the doctors signing the prescriptions did not examine or speak to the Medicare beneficiaries before signing prescriptions.

    j. O'BRIEN submitted or caused the submission of more than approximately $11.2 million in false and fraudulent claims to Medicare for pain creams and other prescription drugs that were obtained through illegal kickbacks and bribes, medically unnecessary, ineligible for Medicare reimbursement, and not provided as

Scanned with CamScanner

represented to Medicare. Medicare in turn paid more than approximately $9.9 million as a result of these claims.

k. O'BRIEN personally profited by transferring to himself approximately $3,998,814 in fraudulent proceeds.

3. The version of the Guidelines effective November 1, 2021, applies in this case.

4. The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

5. The reasonable estimate of actual loss is more than $9.5 million but not more than $25 million, resulting in an increase of 20 levels. See § 2B1.1(b)(1)(K).

6. O'BRIEN's offense is a Federal health care offense involving a Government health care program, and the actual loss to Medicare is more than $7,000,000, resulting in an increase of 3 levels. See U.S.S.G. § 2B1.1(b)(7)(ii).

7. As of the date of this letter, O'BRIEN has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if O'BRIEN's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, O'BRIEN has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in O'BRIEN's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) O'BRIEN enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that O'BRIEN's acceptance of responsibility has continued through the date of sentencing and O'BRIEN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) O'BRIEN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to O'BRIEN is 26 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 78 months, and except as specified in the next paragraph below, O'BRIEN will not challenge or seek to reduce by

Scanned with CamScanner

any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 63 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Scanned with CamScanner